IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN K. CHANG, M.D., | ) CIVIL NO. 12-00617 DKW-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) GRANT IN PART AND DENY IN PART |
| vs. | ) DEFENDANT STRAUB CLINIC AND |
| | ) HOSPITAL'S BILL OF COSTS |
| STRAUB CLINIC AND HOSPITAL, ET AL., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN
PART DEFENDANT STRAUB CLINIC AND HOSPITAL'S BILL OF COSTS[1]

Before the Court is Defendant Straub Clinic and Hospital's Bill of Costs filed on January 20, 2014 ("Bill of Costs"). ECF No. 79-1. Defendant requests $7,354.54 in costs. Id. at 3. Plaintiff Melvin K. Chang, M.D., filed an Objection to the Bill of Costs on January 27, 2014. ECF No. 80. Defendant filed a Reply on January 30, 2014. ECF No. 81. After a review of the parties' submissions and the relevant authority, the Court FINDS and RECOMMENDS that the Bill of Costs be GRANTED IN PART and DENIED IN PART.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

ANALYSIS

On January 7, 2014, the Clerk entered judgment in favor of Defendant based on the court's order granting Defendant's motion for summary judgment. See ECF No. 78. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

Plaintiff only objects to one of the costs requested: the $2,068.06 videographer fee for Plaintiff's deposition. See ECF No. 80 at 4-7. Defendant seeks to recover both the cost of the videographer and the stenographic transcript of Plaintiff's deposition. See ECF No. 79-5 at 4, 6. "The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable." LR54.2(f)(2); see also 28 U.S.C. § 1920(2). However, as other courts in this circuit have held, "[s]omething beyond convenience or duplication to ensure alternative methods for presenting materials at trial is needed to tax costs for both a printed and videotaped deposition transcript." Nielsen v. Trofholz Tech., Inc., No. CIV. 2:09-960 WBS KJN, 2010 WL 5136164, at *2 (E.D. Cal. Dec. 9, 2010) (citations omitted).

In support of its request, Defendant asserts that videotaping Plaintiff's deposition "was necessary because Plaintiff's credibility about his alleged 'protected activity'

and emotional damages was a crucial aspect in preparing for trial." ECF No. 81 at 3. Defendant argues that Plaintiff took "abnormally long pauses" before giving his answers regarding whether he engaged in a protected activity during his deposition. Id. It appears that Plaintiff would have been able to testify at trial, which would have given the jury the ability to evaluate the credibility of his live testimony. Defendant does not argue that it could have used the video of Plaintiff's "long silences" during trial to impeach Plaintiff. See ECF No. 81 at 3-4. Given Plaintiff's availability to testify at trial, the Court FINDS that Defendant has failed to show why both the video and stenographic transcript was necessarily obtained for use in this litigation. The Court therefore RECOMMENDS that the Bill of Costs be DENIED as to the $2,068.06 in videographer fees for Plaintiff's deposition and be GRANTED as to the remaining $5,286.48 in costs requested.

      IT IS SO FOUND AND RECOMMENDED.

      DATED AT HONOLULU, HAWAII, FEBRUARY 5, 2014.



Richard L. Puglisi
United States Magistrate Judge

**CHANG V. STRAUB CLINIC AND HOSPITAL, ET AL., CIVIL NO. 12-00617 DKW-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT'S BILL OF COSTS**