IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MELVIN K. CHANG, M.D.,<br><br>           Plaintiff,<br><br>     vs.<br><br>STRAUB CLINIC & HOSPITAL,<br>INC., et al.<br><br>           Defendants. | CIVIL NO. 12-00617 DKW-RLP<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTIONS FOR<br>RECONSIDERATION<br>OF THE ORDER GRANTING<br>DEFENDANT STRAUB CLINIC<br>AND HOSPITAL'S MOTION FOR<br>SUMMARY JUDGMENT** |

**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION
OF THE ORDER GRANTING DEFENDANT STRAUB CLINIC
AND HOSPITAL'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

On January 7, 2014, the Court granted Defendant Straub Clinic and

Hospital's ("Defendant" or "Straub") Motion for Summary Judgment.   On

February 4, 2014, Plaintiff pro se Melvin K. Chang, M.D., filed a Motion for

Reconsideration ("Motion") and then filed an Amended Motion for

Reconsideration that same day ("Amended Motion").   Pursuant to Local Rule

7.2(d), the Court finds these matters suitable for disposition without a hearing. After careful consideration of the motions and supporting memorandum, and the relevant legal authority, the Motion and Amended Motion are hereby DENIED.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background in this matter, and the Court does not recount it in full here. Plaintiff's Complaint alleged two causes of action: first, a claim that he was terminated "in retaliation for his opposition to Straub's discrimination of older minority women who were employed by Straub" and second, a claim for intentional infliction of emotional distress arising out of his alleged wrongful termination. Complaint ¶¶ 23-24. The Court granted summary judgment to Defendant on both counts in its January 7, 2014 Order.

In its Order, the Court concluded that Plaintiff failed to establish a prima facie case of retaliation because he did not raise a triable issue of fact that he engaged in protected activity. The Court also found that Plaintiff could not satisfy the third prong of a prima facie case for retaliation—a causal link between his alleged protected activity in 2006-2007 and his termination in 2011. Further, even assuming a prima facie case of retaliation, the Court held that Defendant offered

2

legitimate, non-discriminatory reasons for terminating Plaintiff, including his unprofessional communications with Straub employees, Linda Cazinha and Ray Vara, in violation of Straub's code of conduct, and Plaintiff's atypical employment arrangement as a "call-in" physician working a half-day on every-other Saturday. The Court concluded that Plaintiff failed to point to either direct or circumstantial evidence of retaliatory motive, and failed to raise a genuine issue of fact as to pretext.

As set forth below, Plaintiff seeks reconsideration of the Court's January 7, 2014 Order on multiple grounds, none of which justify the relief sought.

## STANDARD OF REVIEW

A party may move to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e), consistent with the following Ninth Circuit guidelines:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice: or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).   Demonstrating one of the four reasons for reopening a judgment is a "high hurdle" that should not

occur "absent highly unusual circumstances."   *Weeks v. Bayer*, 246 F.3d 1231,

1236 (9th Cir. 2001).   Moreover, a Rule 59(e) motion may not present evidence or

raise legal arguments that were or could have been presented at the time of the

challenged decision.   *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877,

890 (9th Cir. 2000).   Nonetheless, a "district court has considerable discretion

when considering a motion to amend a judgment under Rule 59(e)."   *Turner v.*

*Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

## DISCUSSION

Despite the multitude of issues raised by Plaintiff in his Motions, the

"highly unusual circumstances" necessary to achieve reconsideration are simply

not present.   The Court declines to amend its Judgment in favor of Defendant for

any of the reasons cited by Plaintiff and particularly declines to alter its decision

based on arguments and evidence that are neither new nor persuasive.   Plaintiff's

arguments are addressed below.

## I.   Characterization of Evidence

Plaintiff takes issue with Defendant's characterization of his conduct

and citations to his own statements.   For example, he asserts that Defendant

manipulated his "words and transcript punctuation," by "misleadingly and

dishonestly misquote[ing] from the transcription of the termination conference (Pl.'s Ex. K) by using only part of [his] actual statement and a 'period' [.] rather than an 'ellipsis' [. . .] and the end of Plaintiff's interrupted statement as documented in the transcript of the tape recording."   Motion at 3.   Plaintiff asserts that either the Court was duped by Defendant's sleight of hand or failed to conduct its own close review of the allegedly [mis-]cited passage.

First, the Court notes that it is Plaintiff's own transcription of his own surreptitious recording of his termination conference with Straub Chief Medical Officer Yates with which Plaintiff quarrels -- Plaintiff alone is responsible for the transcription's content.   *See* Plaintiff's Exhibit K.   Second, Plaintiff acknowledges that the Court "properly cites [his] Response (Order: P 18, ¶ 2) with the use of an ellipsis rather than the inaccurate and misleading period and includes that last word 'to' which supports [his] assertion that he was cut off by Yates." Motion at 5.   Third, it is Plaintiff, not Straub, who appears to be engaging in transcript manipulation by seeking to add to the transcribed passage with bracketed substantive comment on what he now claims he intended to say.   Most importantly, this entire line of argument is much ado about nothing, and the Court will entertain it no further.

Plaintiff also argues that Defendant misleadingly uses his "purely financial" comment contained in his June 30, 2006 email to "lead the Court to believe that he was referring to Straub's motive for Topolinski's employment status change rather that his true goal of questioning Straub administration's unilateral decision to consolidate two managerial positions into only one and the impact on two busy clinics."   Motion at 11.   Plaintiff argues that the Court should "instead conclude that [his] email statements regarding the financial and bottom line in 2006, and included in his review in 2007, were never intended by him to be reinterpreted by his former employer in 2011 to explain his sole concern in advocating for two coworkers wrongfully treated by Straub."   Motion at 15. Plaintiff's assertion that the Court "may have inadvertently been influenced by Straub's deceitful editing" is absurd.   Motion at 5.   The Court has re-reviewed the passages and related context cited by Plaintiff and fails to see any evidence of deceit or manipulation on the part of Straub, much less evidence of how any such clever editing satisfies Plaintiff's Rule 59(e) burden.

To the extent Plaintiff takes issue with the Court's characterization of his attitude toward certain Straub employees as "intemperate" -- whereas there are "no negative attitudinal descriptions of [Defendant's] personnel in the Court's

Order" (Motion at 36) -- Plaintiff again presents no sufficient grounds for

reconsideration.   The Court likewise rejects Plaintiff's argument that "the Court

has been misled by Straub to label Chang's attitude in a grossly unfavorable light

as 'intemperate', despite his disclosure [of] a personal psychological diagnosis that

might otherwise and well explain his actions."   Motion at 36.   The basis of the

Court's comment is a fair reading of the well-documented record, and the Court

sees no reason to modify it.

In short, none of Plaintiff's arguments regarding the characterization

of the record or of his conduct demonstrate grounds for reconsideration.   *See, e.g.*,

*In re Wahlin*, 2011 WL 10633196, at *2 (Bankr .D. Idaho Mar. 21, 2011) (quoting

*In re Oak Park Calabasas Condo. Ass'n,* 302 B.R. 682, 683 (Bankr. C.D. Cal.

2003)) ("A manifest error of law or fact must be one 'that is plain and indisputable,

and that amounts to a complete disregard of the controlling law or the credible

evidence in the record.'"); *In re Roemmele*, 466 B.R. 706, 712 (Bankr. E.D. Pa.

2012) ("In order for a court to reconsider a decision due to manifest injustice, the

record presented must be so patently unfair and tainted that the error is manifestly

clear to all who view [it].") (quotations and citations omitted).

## II.   "New" Arguments

Plaintiff attaches several new exhibits to his Motion that were not previously offered during the summary judgment briefing.   They include excerpts of an EEOC Compliance Manual (Ex. B), portions of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 157-158 (Ex. G), and a National Labor Relations Board ("NLRB") Report of the General Counsel (Ex. H).

There is no evidence or even contention that these exhibits were previously unavailable, newly discovered, or represent an intervening change in controlling law.   Nor do these exhibits address the extensive deficiencies in Plaintiff's prima facie claim of retaliation or Straub's legitimate reasons for terminating him.   Accordingly, the exhibits, and the arguments to which they relate, are insufficient to alter or amend the Judgment under Rule 59(e).

## III.   Remaining Arguments

The balance of Plaintiff's arguments faults the Court for failing to draw all reasonable inferences in his favor.   For example, Plaintiff maintains that "[i]n the most favorable light, the feedback document [] entitled 'Welcome Home Susie!', should not be written off and trivialized as a 'forty-one page, single space document/memorandum."   Motion at 27.   According to Plaintiff, "[i]n the most

favorable light to the Plaintiff, Chang's use of a questioning style to raise his legitimate concerns using very specific words almost verbatim from Title VII and ADEA, would be understood and not criticized."   Motion at 28.   Additionally, Plaintiff asserts that, viewed in the light most favorable to him, his "conversation with Cazinha and their discussion about employment changes for [Kathy] Asato would be considered acceptable.   Chang was not charged with bullying or harassment of Cazinha and he did not make inappropriate comments or take action against her based on her race, sex, age or disability for instance."   Motion at 29-30.

The Court, however, is not required to adopt unreasonable inferences from circumstantial evidence.   *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).   More importantly, even if viewed in the manner urged by Plaintiff, this evidence does nothing to establish a prima facie claim of retaliation, and therefore offers no basis on which to grant reconsideration.

Plaintiff also faults the Court for failing to consider his "offer to advocate for Asato" in August 2010 when the Court concluded that Plaintiff failed to establish temporal proximity between his alleged protected activity and his termination in 2011.   *See* Motion at 22.   According to Plaintiff, "[d]rawing all

reasonable inferences in favor of the non-moving party, [his] offer to advocate for Asato had temporal proximity to his termination."   *Id.* at 23.

Once again, Plaintiff fails to establish the significance of his evidence, even were the Court to credit it.   Plaintiff is certainly correct that something that occurred in 2010 is closer in time to 2011 than something that occurred in 2007. But "offering to advocate" on behalf of another employee is not evidence of "protected activity" within the meaning of Title VII.   And it is only the causal link between "protected activity" and an adverse employment action that has any significance for purposes of establishing a prima facie claim of retaliation.

## CONCLUSION

Plaintiff plainly disagrees with and is disappointed by the Court's January 7, 2014 Order in favor of Defendant Straub.   However, because Plaintiff raises no new or previously unavailable evidence, no intervening change in the law, no manifest error of law or fact, and no evidence of manifest injustice, there is

//               //

//               //

no basis on which to grant reconsideration, and the Court hereby DENIES both

Plaintiff's Motion and Amended Motion.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI'I, February 21, 2014.



_____
Derrick K. Watson
United States District Judge

-----------------------------------------------------------------------------------------------

Melvin K. Chang v. Straub Clinic & Hospital, et al; CV 12-617 DKW-RLP;
ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION OF
THE ORDER GRANTING DEFENDANT STRAUB CLINIC AND HOSPITAL'S
MOTION FOR SUMMARY JUDGMENT